IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-451-D

JANE DOE,                              )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      **ORDER**
                                       )
CORPORATE SECURITY SOLUTIONS,          )
INC.                                   )
                                       )
            Defendant.                 )

On August 2, 2024, "Jane Doe" ("Doe" or "plaintiff") filed a complaint against Corporate Security Solutions, Inc. ("CSC" or "defendant") alleging two violations of the Fair Credit Reporting Act ("FCRA"), 12 U.S.C. §§ 1681, et seq. [D.E. 1]. The same day, Doe moved for leave to proceed under a pseudonym or, alternatively, for the entry of a protective order shielding Doe's identity [D.E. 4] and filed a memorandum in support [D.E. 4-1]. CSC does not oppose Doe's motion. As explained below, the court denies Doe's motion to proceed under a pseudonym or alternatively for a protective order shielding Doe's identity.

I.

CSC transmitted a background check report to Doe's prospective employer. [D.E. 4-1] 2; see Compl. [D.E. 1] ¶¶ 73–77. The background check contained "inaccurate and stigmatizing expunged criminal reports." Id. (emphasis omitted). After receiving the background check report, Doe's prospective employer rescinded its employment offer. See Compl. ¶¶ 69–72.

Doe seeks to proceed pseudonymously "[b]ecause this litigation will revolve around the accuracy of the background check report . . . [and her] expunged criminal records." [D.E. 4-1] 2. The complaint refers to Doe pseudonymously but to CSC by name. See Compl. 1.

"The decision whether to permit parties to proceed anonymously at trial is one of many involving management of the trial process that for obvious reasons are committed in the first instance to trial court discretion." James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). A civil complaint generally must set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a). "[I]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014); see Doe v. Doe, 649 F. Supp. 3d 136, 139 (E.D.N.C.), aff'd, 85 F.4th 206 (4th Cir. 2023); Doe v. Lees-McRae Coll., No. 1:20-CV-105-MR, 2021 WL 2673050, at *6 (W.D.N.C. June 29, 2021) (unpublished).

The court considers five factors in deciding whether to allow a party to proceed pseudonymously: (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of a sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation"; (2) "risk of retaliatory physical or mental harm" because of identification; (3) the party's age; (4) "whether the action is against a governmental or private party"; and, (5) "the risk of unfairness to the opposing party." Pub. Citizen, 749 F.3d at 273 (quotation omitted); see James, 6 F.3d at 238. Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated

2

interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Pub. Citizen, 749 F.3d at 274.

The first factor requires the court to examine whether the moving party is requesting to use a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation" or "to preserve privacy in a matter of a sensitive and highly personal nature." James, 6 F.3d at 238. Doe argues that her expunged criminal record is "sensitive and highly personal [in] nature." [D.E. 4-1] 5. Doe also argues that because "the pleading and other submissions will necessarily include a discussion of the expunged criminal records . . . . [t]here is no question that [Doe] will suffer further harm if her name is attached to this lawsuit." Id. at 4.

The United States Court of Appeals for the Fourth Circuit has not addressed whether an expunged criminal record qualifies as a matter of a "sensitive and highly personal nature." Historically, courts have considered sensitive personal information to include "allegations of sexual abuse, domestic violence, medical information, homosexuality, or the welfare rights of illegitimate children or abandoned families." Doe v. RealPage, Inc., No. 1:24-CV-885, 2024 WL 2863545, at *2 (D. Md. June 6, 2024) (unpublished). In RealPage, Inc., the United States District Court for the District of Maryland held that criminal records do not qualify as a matter of a "sensitive and highly personal nature." Id. at *3. In reaching this conclusion, that court relied on Doe v. United States Healthworks Incorporated, No. CV1505689SJOAFMX, 2016 WL 11745513 (C.D. Cal. Feb. 4, 2016) (unpublished). In U.S. Healthworks Inc., the plaintiff moved to proceed anonymously "because proceeding under his own name would expose and publicly connect him with the contents of his confidential background check report—specifically, [p]laintiff [was] concerned about private information in [his] report concerning his recently expunged criminal

3

history." Id. at *3. In considering the plaintiff's privacy interest in his expunged criminal history, the court explained:

> Plaintiff's need for anonymity to protect his privacy interest in his criminal history presents a more difficult question. In U.S. Department of Justice v. Reporters Committee For Freedom of the Press, the United States Supreme Court acknowledged that people have a legitimate privacy interest in the events summarized in their criminal rap sheets, despite these documents previously being disclosed to the public. The similarity of that information to the contents of the background check report in this case is not insignificant. However, the Court in Reporters Committee also noted that the protection accorded a privacy right at common law rested in part on the degree of dissemination of the allegedly private fact and the extent to which the passage of time rendered it private.
>
> The Court also noted that there is a vast difference between the public records that might be found after a diligent search of courthouse files, county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information.
>
> In this case, [p]laintiff's criminal history was a matter of public record until very recently and is still readily accessible by private entities, even if that access is subject to statutory limitations. Moreover, should the Court require [p]laintiff to proceed under his own name, the information would only be obtainable after a diligent search of courthouse files, rendering the privacy interest implicated by disclosure of such information minimal.

Id. at *4–5 (cleaned up).

Doe's expunged criminal record is not of "sensitive and highly personal nature." Although Doe's expunged criminal record is no longer a public record, "it was at one time readily available to the public." RealPage, Inc., 2024 WL 2863545 at *3. Furthermore, the information concerning Doe's expunged criminal record would "only be obtainable after a search of courthouse files, rendering the privacy interest implicated by disclosure of such information minimal." Id. (quotation omitted); Doe v. Evident ID Inc., 603 F. Supp. 3d 292, 295 (S.D.W. Va. 2022). Doe's asserted privacy interests do not justify anonymity. See, e.g., RealPage, Inc., 2024 WL 2863545, at *2; Doe v. Rentgrow, Inc., No. 2:23-CV-860-ART-EJY, 2023 WL 6541998, at *2 (D. Nev.

4

Aug. 3, 2023) (unpublished) ("The possible ramifications of revealing [p]laintiff's prior expungement of his conviction do not serve as sufficient bases to support allowing [p]laintiff to proceed under a pseudonym."); Doe v. Rentgrow, Inc., No. CV 23-10572-NMG, 2023 WL 4354000, at *2 (D. Mass. July 5, 2023) (unpublished) (denying motion to proceed under pseudonym where the plaintiff sought to bring a "FCRA claim anonymously to avoid disclosure of his expunged criminal record"); U.S. Healthworks Inc., 2016 WL 11745513, at *5 ("Plaintiff's criminal history was a matter of public record until very recently and is still readily accessible by private entities, even if that access is subject to statutory limitations . . . . the [c]ourt finds that [p]laintiff has demonstrated minimal necessity to proceed under a pseudonym.").

In opposition, Doe argues that requiring her to pursue this action under her name forces her to choose between her rights under the FCRA and her rights under North Carolina's expunction laws. See [D.E. 4-1] 5. Doe, however, fails to address why litigating under her name forces this choice. The FCRA contains no provision offering claimants the option to proceed pseudonymously. Likewise, North Carolina's expunction law does not require the court to permit Doe to proceed pseudonymously.

Doe speculates that "further harm" will follow "if her name is attached to this lawsuit." [D.E. 4-1] 4. Such naked speculation of future harm does not justify pseudonymous litigation. See, e.g., Roe v. Skillz, Inc., 858 F. App'x 240, 241–42 (9th Cir. 2021) (unpublished); United States ex rel. Little v. Triumph Gear Sys., Inc., 870 F.3d 1242, 1249 n.10 (10th Cir. 2017); D.E. v. Doe, 834 F.3d 723, 728 (6th Cir. 2016); Doe v. Delta Airlines Inc., 672 F. App'x 48, 52 (2d Cir. 2016) (per curiam) (unpublished); Pub. Citizen, 749 F.3d at 274; Raiser v. Brigham Young Univ., 127 F. App'x 409, 411 (10th Cir. 2005) (unpublished); Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989) (per curiam); S. Methodist

5

Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979); Doe v. Trs. of Ind. Univ., 577 F. Supp. 3d 896, 903–08 (S.D. Ind. 2022); Doe v. Bogan, 542 F. Supp. 3d 19, 21–24 (D.D.C. 2021); Harapeti v. CBS Television Stations, Inc., No. 20-CV-20961, 2021 WL 1341524, at *3 (S.D. Fla. Apr. 9, 2021) (unpublished); Doe v. Kan. State Univ., No. 2:20-CV-2258-HLT-TJJ, 2021 WL 84170, at *3 (D. Kan. Jan. 11, 2021) (unpublished); Rosenberg v. City of New York, No. 20-CV-3911-LLS, 2020 WL 4195021, at *2 (S.D.N.Y. July 20, 2020) (unpublished); Doe v. United States, No. 19-1888C, 2020 WL 1079269, at *2–3 (Fed. Cl. Mar. 5, 2020) (unpublished); Doe v. Ky. Cmty. & Tech. Coll. Sys., No. 20-CV-6-DLB, 2020 WL 998809, at *1–3 (E.D. Ky. Mar. 2, 2020) (unpublished); In re Boeing 737 MAX Pilots Litig., No. 1:19-CV-5008, 2020 WL 247404, at *3 (N.D. Ill. Jan. 16, 2020) (unpublished); Doe v. W. New England Univ., 3:19-CV-30124-TSH, 2019 WL 10890195, at *1 (D. Mass. Dec. 16, 2019) (unpublished); Roe v. Doe, 319 F. Supp. 3d 422, 428–31 (D.D.C. 2018); Doe 1 v. Benoit, No. 19-MC-59-BAH, 2018 WL 11364383, at *3–4 (D.D.C. Nov. 20, 2018) (unpublished); Doe v. Rider Univ., No. 16-CV-4882-BRM, 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018) (unpublished); Doe v. Milwaukee Cnty., No. 18-CV-503, 2018 WL 3458985, at *1 (E.D. Wisc. July 18, 2018) (unpublished); Brez v. Fougera Pharms., Inc., No. 16-CV-2576-DDC-GEB, 2018 WL 2248544, at *1 (D. Kan. Apr. 20, 2018) (unpublished); Doe v. Univ. of Pittsburgh, No. 1:17-CV-213, 2018 WL 1312219, at *2 (W.D. Mich. Mar. 14, 2018) (unpublished); Doe v. N. State Aviation, LLC, No. 1:17-CV-346, 2017 WL 1900290, at *2–3 (M.D.N.C. May 9, 2017) (unpublished); Agerbrink v. Model Serv. LLC, 14-CV-7841-JPO-JCF, 2016 WL 406385, at *9–10 (S.D.N.Y. Feb. 2, 2016) (unpublished); Abdel-Razeq v. Alvarez & Marsal, Inc., No. 14-CV-5601, 2015 WL 7017431, at *3–4 (S.D.N.Y. Nov. 12, 2015) (unpublished); Patton v. Entercom Kansas City, LLC, No. 13-CV-2186-KHV, 2013 WL 3524157, at *3 (D. Kan. July 11, 2013) (unpublished); Candidate No. 452207 v. CFA

6

Inst., 42 F. Supp. 3d 804, 806–12 (E.D. Va. 2012); Doe v. Georgia-Pac., LLC, No. 12-CV-5607-PSG-JCFx, 2012 WL 13223668, at *2–3 (C.D. Cal. Sept. 26, 2012) (unpublished); Doe v. FBI, 218 F.R.D. 256, 259–60 (D. Colo. 2003); Doe v. United Servs. Life Ins. Co., 123 F.R.D. 437, 439 n.1 (S.D.N.Y. 1988); Free Mkt. Comp. v. Commodity Exch., Inc., 98 F.R.D. 311, 312–13 (S.D.N.Y. 1983). Thus, the first factor weighs heavily against permitting Doe to proceed pseudonymously.

The second factor requires the court to consider potential physical retaliation and mental harm that Doe might experience if the court were to deny her motion. See Pub. Citizen, 749 F.3d at 273. Doe does not allege a risk of potential physical retaliation. Additionally, Doe does not explicitly allege a risk of mental harm if the court were to deny her motion. Moreover, even if her motion suggests the potential for mental harm, Doe has failed to produce "evidence to support more than a mere general fear of retaliation or mere embarrassment." Student A v. Liberty Univ., Inc., 602 F. Supp. 3d 901, 920 (W.D. Va. 2022) (quotation omitted); see Doe v. N.C. Cent. Univ., No. 1:98CV01095, 1999 WL 1939248, at *5 (M.D.N.C. Apr. 15, 1999) (unpublished). Therefore, this factor weighs against permitting Doe to proceed pseudonymously.

The third factor requires the court to analyze whether the age of the moving party favors anonymity. See Pub. Citizen, 749 F.3d at 273. Doe has not disclosed her age to the court. Thus, this factor is neutral.

The fourth factor requires the court to consider whether the action is against a private individual or against a government. See Pub. Citizen, 749 F.3d at 273. When a plaintiff sues the government, courts are more likely to allow a party to proceed pseudonymously. See Doe v. Va. Polytechnic Inst., & State Univ., No. 7:21-CV-378, 2022 WL 972629, at *3 (W.D. Va. Mar. 30,

2022) (unpublished). Here, Doe's case is against a private business. Thus, this factor weighs against permitting Doe to proceed pseudonymously.

When a plaintiff accuses a private party of wrongdoing, "[b]asic fairness dictates that those among the defendants' accusers who wish to participate in th[e] suit as individual party plaintiffs must do so under their real names." Wynne & Jaffe, 599 F.2d at 713; see Doe v. Pittsylvania Cnty., 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Basic fairness counsels against allowing Doe to proceed pseudonymously in this case. It would be unfair for Doe to be able to clear her name and wield a judgement against CSC to her advantage if successful but hide under a shield of anonymity if unsuccessful. Therefore, this factor weighs against allowing Doe to proceed pseudonymously.

The fifth factor requires the court to consider potential prejudice or unfairness to CSC. See Pub. Citizen, 749 F.3d at 273. Doe states that she "fully intends to disclose her identity to [CSC] and to provide the identifying information needed to locate [Doe]'s consumer file and background reports." [D.E. 4-1] 6. CSC does not object to Doe's motion to proceed pseudonymously. Accordingly, the court finds that permitting Doe to proceed pseudonymously would not hinder CSC's ability to fully and fairly litigate this case. Therefore, this factor weighs in favor of allowing Doe to proceed pseudonymously.

Finally, "the court returns to the Fourth Circuit's broad admonition that the court must balance [a party's] stated interest in anonymity against the public's interest in openness." Va. Polytechnic Inst. & State Univ., 2022 WL 972629, at *4; see Pub. Citizen, 749 F.3d at 274. A district court has "an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Pub. Citizen, 749

8

F.3d at 274. "Public naming of litigants is one aspect of the broader presumption, long supported by courts, that the public has a common-law right of access to judicial records." Eugene Volokh, The L. of Pseudonymous Litig., 73 Hastings L.J. 1353, 1368 (2022) (quotation omitted). Such access "protects the public's ability to oversee and monitor the workings of the Judicial Branch." Pub. Citizen, 749 F.3d at 263. Such extraordinary circumstances are not present here.

In opposition, Doe argues that the "public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law." [D.E. 4-1] 8. Nothing in the court's order, however, undercuts Doe's rights under the FCRA or North Carolina's expunction laws. Moreover, Doe fails to address the risk that pseudonymous lawsuits have in eroding public access to proceedings. Indeed, if courts were to allow pseudonymity in FCRA suits involving expunged criminal records, then "whole areas of the law could become difficult for the media and the public to monitor, outside the constrained accounts of the facts offered up by judges and lawyers." Volokh, supra at 1383. Such shrouded proceedings would cause particular harm to a consumer protection statute like the FCRA.

Doe also argues that her lawsuit "is one of the precise circumstances where the Fourth Circuit found pseudonymous litigation appropriate." [D.E. 4-1] 4. Doe, however, fails to identify any case supporting this proposition. Moreover, the court has identified dozens of cases denying motions to proceed pseudonymously under materially indistinguishable facts. See, e.g., RealPage, Inc., 2024 WL 2863545, at *3. Thus, having considered all the James factors, the court denies Doe's motion.

II.

Alternatively, Doe requests the entry of a protective order "placing [Doe]'s identity under seal." [D.E. 4-1] 9; see Fed. R. Civ. P. 26(c). The court may issue a protective order for good

9

cause. See Fed. R. Civ. P. 26(c). "[B]efore a district court may seal any court documents, . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Doe has not shown good cause for the requested protective order. Thus, the court denies Doe's request.

### III.

In sum, the court DENIES plaintiff's motion to proceed under a pseudonym or in the alternative, for the entry of a protective order shielding the plaintiff's identity [D.E. 4]. Plaintiff may file an amended complaint using her real name by October 18, 2024. Alternatively, by October 18, 2024, plaintiff may file a Rule 41 notice of dismissal. If plaintiff fails to take either of these actions by October 18, 2024, the clerk SHALL close the case without further order of the court.

SO ORDERED. This 27 day of September, 2024.

JAMES C. DEVER III
United States District Judge